**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 13 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AMBER MERRIE BRAY, | No. 19-16705 |
| Plaintiff-Appellant, | D.C. No. 1:18-cv-00978-LJO-BAM |
| v. | |
| GILBERT MICHEL VILLEGAS, Registered Nurse at CCWF; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted January 8, 2020[**]

Before:     CALLAHAN, NGUYEN, and HURWITZ, Circuit Judges.

California state prisoner Amber Merrie Bray appeals pro se from the district

court's judgment dismissing her 42 U.S.C. § 1983 action alleging deliberate

indifference to her serious medical needs.  We have jurisdiction under 28 U.S.C.

§ 1291.  We review de novo the district court's dismissal under 28 U.S.C.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We affirm.

The district court properly dismissed Bray's action because Bray failed to allege facts sufficient to show that defendants disregarded an excessive risk to Bray's serious medical needs. *See Toguchi v. Chung*, 391 F.3d 1051, 1056-60 (9th Cir. 2004) (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to inmate health; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference).

The district court did not abuse its discretion by declining to exercise supplemental jurisdiction over Bray's state law claims because Bray failed to state a federal claim. *See* 28 U.S.C. § 1367(c)(3); *Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) (district court in its discretion "may decline to exercise supplemental jurisdiction over related state-law claims once it has dismissed all claims over which it has original jurisdiction" (citation and internal quotation marks omitted)).

Bray's motion to appoint counsel (Docket Entry No. 4) is denied.

The Clerk will file the opening brief received at Docket Entry No. 5.

**AFFIRMED.**